IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RUSSELL E. STIGER                                                                                         PLAINTIFF

v.                          Civil No. 4:21-cv-4019

SHERIFF JACKIE RUNION, Miller
County Detention Center ("MCDC");
WARDEN JEFFIE WALKER, MCDC;
CAPTAIN GOLDEN ADAMS, MCDC;
and NURSE STEVE KING, Southern
Health Partners, Inc.                                                                                     DEFENDANTS

## **ORDER**

This is a civil rights action filed by Plaintiff Russell E. Stiger pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated in the Miller County Detention Center ("MCDC").

On October 26, 2021, Separate Defendant Nurse King filed a Motion for Summary Judgment. (ECF No. 19). That same day, the Court directed Plaintiff to file a response to the summary judgment motion by November 16, 2021. (ECF No. 23). Plaintiff was advised that failure to respond would result in (a) all facts being set forth by Nurse King being deemed admitted; or (b) this case being dismissed. Plaintiff did not file a response to Nurse King's motion.

On November 1, 2021, Separate Defendants Sheriff Runion, Warden Walker, and Captain Adams (collectively the "MCDC Defendants") filed a Motion for Summary Judgment. (ECF No. 25). That same day, the Court directed Plaintiff to file a response to the MCDC Defendants' summary judgment motion by November 22, 2021. (ECF No. 28). Plaintiff was advised that failure to respond would result in (a) all facts being set forth by the MCDC Defendants being deemed admitted; or (b) this case being dismissed. Plaintiff did not file a response to the MCDC

Defendants' Motion.

On November 29, 2021, the Court issued a Show Cause Order. (ECF No. 29). Plaintiff was given until December 20, 2021, to show cause why this case should not be dismissed based on his failure to submit his responses to the pending summary judgment motions. Plaintiff was advised that failure to respond to the Show Cause Order would subject the case to dismissal.

To date, Plaintiff has not filed responses to the summary judgment motions (ECF Nos. 19 & 25) or to the Show Cause Order (ECF No. 29). He has not requested an extension of time to file his responses. No mail has been returned as undeliverable. Accordingly, Plaintiff has failed to comply with the Court's Orders (ECF Nos. 23, 28 & 29).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to prosecute or defend the action diligently.

Therefore, pursuant to Rule 41(b) and Local Rule 5.5(c)(2), Plaintiff's case should be and hereby is **DISMISSED WITHOUT PREJUDICE** based on his failure to prosecute this case, and his failure to obey the orders of the Court.

**IT IS SO ORDERED**, this 31st day of March, 2022.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge